**Kaveski v. McLaughlin**

*Stephen I. Weiss,* for plaintiff.

*Frank N. Gallagher,* for defendant.

SATTERTHWAITE, P. J., November 11, 1971.—
Plaintiff has obtained a rule requiring defendant to show cause why sanctions should not be imposed against him for failure to appear in the law offices of plaintiff's counsel in Cornwells Heights, Pa., as directed by appropriate prior written notice, for the purpose of being deposed with respect to his knowledge of the automobile accident in suit. Defendant's answer to the rule defends on the basis, as communicated to plaintiff's counsel prior to the date fixed, that he was willing to be deposed at the courthouse in Doylestown, but not at the law offices of plaintiff's counsel in Cornwells Heights. No unusual factual circumstances relative to the situations of the respective parties are alleged; from the complaint it appears that plaintiff resides in the City of Philadelphia and defendant in Andalusia (Cornwells Heights), Pa.; plaintiff's counsel's offices are in Cornwells Heights, Pa., and those of defendant's counsel are in Doylestown; the automobile accident in question occurred on the Delaware Expressway (Route I-95) in northeast Philadelphia.

Defendant made no motion for a protective order, contenting himself in this connection with the letter from his counsel advising that he would not attend at the place designated. Apparently, a ruling on the question of the place of taking depositions, as a matter of court policy where the parties cannot agree, is being sought by defense counsel and other members of the trial bar.

Since both sides have apparently so agreed, no con-

sideration need be given to any problem of possible waiver of objection to the place of taking the proposed deposition by reason of defendant's failure to move for a protective order; the matter will be considered and disposed of as though the question had been raised by defendant on such a motion.

Pennsylvania Rule of Civil Procedure 4012(a)(2) relating to protective orders provides as follows:

"(a) After notice is served for taking a deposition by oral examination, upon motion reasonably made by any party or by the person to be examined, the court may make an order that

". . .

"(2) it may be taken only in some designated place other than that stated in the notice ; . . ."

Only two reported decisions have been found which involved the exact problem here presented. In Deans v. Pollock-Timblin Co., Inc., 14 D. & C. 2d 455 (1958), the court summarily, and without discussion, dismissed defendant's objection to its witness being deposed in the office of plaintiff's attorney, with the terse observation: "We find no merit in this objection." The question apparently was given little consideration, the actual decision of the case turning on an entirely unrelated proposition.

In Eisenberg v. Penn Traffic Company, 6 D. & C. 2d 364 (1955), however, the Cambria County court did sustain defendant's objection to plaintiff's similar proposal, directing that the depositions be taken at the offices of the judge in Johnstown or at the courthouse in Ebensburg. While the places so designated did not necessarily require resort to the county seat in that case, such result was reached only because the judge had chambers in the separate City of Johnstown, a location apparently providing a neutral site for the quasi-judicial examination sought to be conducted. The court observed that, on objection, it de-

clined to require the depositions to be taken in the office of plaintiffs' counsel, its stated reason being to avoid embarrassment to the witnesses.

We concur, adding that pressures and influences far more serious than mere embarrassment might well be involved if a litigant and his witnesses involuntarily may be required to submit themselves to the hostile atmosphere which may well subsist in the stronghold and very home base of the opposition. Especially is this true where the representation of so many suitors in this court is increasingly being found in out-of-county lawyers authorized to practice here by reason of Supreme Court Rule 14. In the ordinary case, it may well be that respective counsel will attempt to accommodate each other and their respective clients by agreeing to an appropriate locale for the taking of depositions, including their own law offices if mutually convenient and satisfactory. We hope that such agreements will be the usual situation. On the other hand, where the parties do not agree, we believe that it must be the policy of this court not to require one side to attend the law offices of the other. Under such circumstances, neutral ground should be availed of, and the various hearing rooms in the courthouse in the county seat provide the most logical locations. They would also, by reason of Doylestown's central location geographically, in most cases, best serve all parties' convenience.

## ORDER

And now, November 11, 1971, for the reasons stated in the foregoing opinion, it is ordered that plaintiffs' proposed oral depositions be taken only in the Courthouse, Doylestown, Pa., unless the parties otherwise agree; it is further ordered that plaintiff's petition for sanctions be denied and refused, and the rule granted thereon on July 12, 1971, be discharged.